THE GLOBE FURNITURE COMPANY v. SCHOOL DISTRICT NO. 22, STAFFORD COUNTY, KANSAS.

**No. 160.**

1. INSTRUCTIONS—*held proper.* The instructions complained of set forth, and *held*, under the evidence, not misleading.

2. EVIDENCE—*sufficient to sustain findings.* The evidence commented upon, and *held*, sufficient to sustain the special findings of fact.

Error from Stafford District Court. Hon. J. H. Bailey, Judge. Opinion filed November 19, 1897. *Affirmed.*

*J. W. Rose*, for plaintiff in error.

*Hardy Sayre*, for defendant in error.

SCHOONOVER, J. This action was commenced by plaintiff in error against defendant in error in the District Court of Stafford County to recover upon two school orders issued by defendant.

The plaintiff, being the owner and holder of the orders, delivered them for collection to J. S. Lapham & Co., who sent them for collection to the Frank Cox Bank, of Stafford, Kan. Frank Cox was treasurer of the School District. He was also the ''Frank Cox Bank.'' Frank Cox, as such treasurer, kept the money of the School District deposited in the Frank Cox Bank to his private account.

On the fifteenth day of May, 1890, the "Frank Cox Bank" had the orders for collection, and Frank Cox, treasurer, had the money to pay them. On this day Frank Cox stamped the orders paid, entered the payment on the treasurer's books of the defendant, and afterwards delivered the canceled orders to the clerk of the defendant. On the same day Frank Cox entered on the collection register of the Frank Cox Bank that the order was paid, and in the column "For Remarks" on said register there was noted, "See Cox."

Later, Frank Cox — the Frank Cox Bank — sent the draft of the Frank Cox Bank on the Valley State Bank of Hutchinson, Kan., for the amount of one order, to Lapham & Co., and at the same time notified them that a remittance for the other draft would follow in a few days. This draft was protested for non-payment. Afterwards, this suit was commenced, plaintiff insisting that the School District owes the orders.

The case was tried to a jury. They made answer to special findings of fact and returned therewith a general verdict for the defendant. The plaintiff below brings the case here for review and complains of the following instructions :

"4. If Frank Cox, as treasurer of the defendant, had in his possession the money of the defendant with which the orders in question should have been paid, and if he or his bank at the same time had the orders for collection from the owners thereof, and he marked said orders paid, and afterwards held said orders as paid orders of the defendant, and credited himself as such treasurer with the amount due on said orders, then the amount of money so due upon the said orders became at once the property of the parties who owned said orders when they were so marked paid.

"5. It is not material to the real issue of this case as to whether the Frank Cox Bank was composed of

FURNITURE CO. v. SCHOOL DISTRICT.    891

Nov. 19, 1897.    Opinion.   Schoonover, J.    W. Div.

Frank Cox alone, or of Frank Cox and Europa Cox. If the plaintiff made the said bank its agent, then the said bank became liable to said plaintiff as an agent, no matter who constituted the said bank."

"9. An agent is one authorized to do something, or to perform some service for another. He who does an act through the medium of another party, is in law considered as doing it himself.

"10. If the plaintiff sent or caused to be sent to the Frank Cox Bank the orders in question for collection, and if the bank so received them, then the said bank became an agent for plaintiff to collect the said orders; and whatever said bank might have done in making or attempting to make such collections would be the acts of the plaintiff.

"11. If the Frank Cox Bank was composed of Frank Cox alone, or of Frank Cox and Europa Cox, and if Frank Cox was the manager of said bank, then the acts of Frank Cox with relation to the collection of such orders were the acts of the said bank, provided, the same was sent to such bank for collection."

The court also gave the following instruction, which is not complained of:

"The jury are instructed that unless the defendant, through its treasurer, Frank Cox, actually paid the orders sued on in this action to the plaintiff, or to J. S. Lapham & Co., then you must find for the plaintiff, unless you further find that Frank Cox, as treasurer of the defendant District, did pay into the Frank Cox Bank the money necessary to pay the two orders herein sued on."

These instructions are not complete in every particular, but when considered as an entirety, in the light of the evidence, we cannot say that they are misleading or that plaintiff was prejudiced in any way.

Frank Cox, as treasurer of the School District, had sufficient funds belonging to the District to pay these orders; he stamped them paid, entered the payment

on the treasurer's books, and delivered the canceled orders to the clerk of the School District. This was all that Frank Cox, as treasurer of the District, could do to show the payment of the orders.

Now, on the same day Frank Cox, who was also the "Frank Cox Bank," entered on the collection register of the Frank Cox Bank payment of the orders, and in the column "For Remarks" on the register there was noted, "See Cox."

This was the act of the bank holding the orders for collection, and under the circumstances of this case was sufficient to justify the jury in finding that it was a transfer of the funds, to the amount of the orders from Frank Cox, treasurer, to the Frank Cox Bank.

Afterwards, the Frank Cox Bank sent its draft on the Valley State Bank, of Hutchinson, Kan., for the amount of one order to Lapham & Co., and at the same time notified them that a remittance of the other draft would follow in a few days; the draft was protested for non-payment and returned. The evidence warranted the court in giving the instructions complained of; the court, further instructing the jury, said that before they could find for the defendant they must "find that Frank Cox, as treasurer of the defendant District, did pay into the Frank Cox Bank the money necessary to pay the two orders herein sued on."

The whole record considered, the following findings of fact complained of by the plaintiff in error are sustained by the evidence and are in harmony with the general verdict:

"1. As a matter of fact, did Frank Cox, as treasurer of defendant, on the fifteenth day of May, 1890, pay to the Frank Cox Bank the amount of the two orders sued on herein? A. Yes.

"2. Is it not a fact that Frank Cox, as treasurer of defendant during the year 1890, simply stamped the

two orders in suit 'Paid,' without turning over any money at the time to the Frank Cox Bank to pay said orders? A. No.

"3. Is it not a fact that Frank Cox, as treasurer, never at any time turned over to the Frank Cox Bank the money to pay the orders herein sued on? A. No."

There are other assignments of error, but they are not sufficient to require a reversal of this case:

The judgment of the District Court will be affirmed.